UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AMANDA L. LOOMIS,

    Plaintiff,

v.                                                          Action No. 2:14cv536

KROGER LIMITED PARTNERSHIP I,
t/a KROGER STORE NUMBER 537,

    Defendant.

## OPINION AND ORDER

This personal injury claim is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 11). Plaintiff, Amanda L. Loomis ("Loomis"), injured her back after slipping in water next to a dairy freezer in a Virginia Beach grocery store operated by Defendant, Kroger Limited Partnership I ("Kroger"). Because the undisputed facts establish that Loomis cannot meet her burden to prove Kroger's negligence, summary judgment is mandated under Rule 56 and entered accordingly.

### I.    FINDINGS OF UNDISPUTED FACT

In October, 2012, Loomis was shopping for frozen pizza at a Virginia Beach Kroger store located at 5237 Providence Road.[1] Although it was not her regular grocery store, she was familiar with the arrangement and knew where the frozen pizzas were located. Arriving at the relevant aisle, she immediately noticed a yellow wet floor cone deployed between the pizza freezer and an adjacent ice cream freezer. (Loomis Dep., ECF No. 12-2 at 8, 23). Loomis was not pushing a shopping cart; she "[j]ust had a purse." Id. at 2. Loomis had previously worked in

---

[1] The store was owned, operated, and/or managed by the defendant Kroger. See (Compl. ¶ 1,ECF No. 1-1 at 1); (Answer ¶ 1, ECF No. 3 at 1); Fed. R. Civ. P. 8(b)(6).

1

a convenience store and knew the warning cone was deployed to alert customers to water or a spill. Id. at 24. She testified that another shopper was standing adjacent to the cone, between it and the pizza freezer. Id. at 8, 19. After determining that she could not pass on the side occupied by the other shopper, Loomis, who was wearing rubber-soled flip flops, walked to the left of the cone, between it and the adjacent ice cream freezer. Id. at 8, 18-19.

Loomis testified that she was walking "a little bit more cautious, just because of the fact I saw the sign," id. at 25, but she still did not see any water.

> So I stepped around the sign to the left. Again, assuming where the sign was, was where the water was. And I never saw it on the floor. And I stepped. My foot went out from underneath of me and I put my arm up immediately on the cooler to catch myself. And when I did, my hand slid down the cooler, because the whole outside of the cooler was soak and wet. [sic] . . .
>
> So I go to get back up and brace myself, put my hands to get up again, and I slide back down again . . . And at that point in time it was embarrassment that kicked over . . . and I got up and I brushed myself off and I walked over and I grabbed my pizza.

Id. at 8-9.

Kroger's counsel asked why Loomis did not choose another path after seeing one side of the aisle blocked by another shopper. She stated, "honestly, because I was right there and I thought it would have taken twice as long to walk around the coolers to get to here than it would have been just a straight line to it." (Loomis Dep., ECF No. 12-3 at 3). Because the other shopper was facing the pizza cooler, Loomis went to the opposite side of the cone, passing, according to her testimony, within "about a foot and a half" of the cone. (Loomis Dep. ECF No. 12-2 at 20). After retrieving her pizza, Loomis noted another customer walking right through the same area, and Loomis stopped to warn her that there was water on the floor. (Loomis Dep., ECF No. 12-3 at 1).

Loomis reported her fall to a store manager who took photos and prepared an incident report. (Loomis Dep., ECF No. 12-2 at 9-10). According to Loomis, the manager then stated "they knew that they had been having issues with these coolers because they were getting ready to [ ] go through a whole store reset because of them." Id. at 10. Other than this comment regarding "issues" with the coolers Loomis was unable to testify about who placed the cone, when it had been placed or whether it had been moved by any person prior to her fall. (ECF No. 12-3 at 10). She did state that the Kroger manager who completed the report told her that the cone had previously been placed closer to the dairy freezer.[2] But neither she nor the store manager had any information regarding who moved the cone, when it had been moved, or how long prior to Loomis' fall it had been moved. Id. at 11.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If there is no genuine issue as to any material fact, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she

---

[2] Because the store manager – construing the facts in the light most favorable to Loomis – was an agent or employee of Kroger and making a statement within the scope of his employment relationship, the statements ascribed to him by Loomis are not hearsay. See Fed. R. Evid. 801(d)(2)(D). See generally Fed. R. Civ. P. 56(c)(2) (allowing for objections to inadmissible evidence on the summary judgment record).

has the burden of proof." Celotex Corp., 477 U.S. at 323.

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrate the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### III.  ANALYSIS

Federal courts sitting in diversity cases apply the forum state's substantive law. 28 U.S.C. § 1652; Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In Virginia, "[t]he rules applicable to slip-and-fall cases are well settled." Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990). A store owner owes its customers a duty to exercise ordinary care in maintaining the premises. Id. This duty requires the store owner to

> have the premises in a reasonably safe condition for [their] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn [customers] of the unsafe condition if it was unknown to [them], but was, or should have been, known to the [store owner].

Id. (quoting Colonial Stores v. Pulley, 125 S.E.2d 188, 190 (Va. 1962)). However, "[t]he owner of premises is not an insurer of his invitee's safety." Franconia Associates v. Clark, 463 S.E.2d 670, 672 (Va. 1995). "The invitee must look out for her own safety by avoiding 'open and obvious' dangers." Newcomb v. Food Lion, Inc., 94 F.3d 642, 1996 WL 469902, at *1 (4th Cir. 1996) (unpublished) (citing Rocky Mount Shopping Ctr. Assocs. v. Steagall, 369 S.E.2d 193, 194 (Va. 1998)).

To establish a prima facie case in a premises liability action, "the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises . . . ." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). To establish constructive notice, the plaintiff must "show by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890 (citing Pulley, 125 S.E.2d at 190). "[I]f the evidence fails to show when a defect occurs on the premises, the plaintiff has not made out a prima facie case [of negligence]." Id. (citing Parker, 396 S.E.2d at 651). In sum, the defendant has constructive notice "[i]f an ordinarily prudent person, given the facts and circumstances [the defendant] knew or should have known, could have foreseen the risk of danger resulting from such circumstances." Parker, 396 S.E.2d at 650 (quoting Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228, 231 (Va. 1986)).

"Failing to avoid 'open and obvious' dangers may render the plaintiff contributorily negligent." Newcomb, 1996 WL 469902, at *1. In Virginia, contributory negligence occurs when the plaintiff "fail[s] to act as a reasonable person would have acted for his own safety under the circumstances." Id. (quoting Artrip v. E.E. Berry Equip. Co., 397 S.E.2d 821, 824 (Va. 1990)). "If the plaintiff was contributorily negligent, then Virginia law bars that plaintiff from recovering in a negligence action if the plaintiff's contributory negligence was a proximate cause

of his injury." Baweja v. Roach, 24 F. App'x 198, 199 (4th Cir. 2002) (unpublished) (citing Litchford v. Hancock, 352 S.E.2d 335, 337 (Va. 1987)). Although contributory negligence and open and obvious dangers are normally jury questions, clear cases may establish contributory negligence as a matter of law. See, e.g., Artrip, 397 S.E.2d at 823 ("Only when reasonable minds could not differ does the issue become one of law to be decided by a court.").

Kroger argues that the undisputed facts would prevent any reasonable juror from finding it negligent. Because the store adequately warned of the defect which she claimed caused her to fall, Kroger argues she cannot meet her burden to prove its negligence. Alternatively, Kroger contends that Loomis was contributorily negligent as a matter of law. Loomis argues that material facts underlying Kroger's motion remain in dispute. She contends that the adequacy of the warning provided, and her exercise of ordinary care are both issues for the jury. After reviewing Loomis' deposition in its entirety, the Court agrees with Kroger and grants summary judgment.

First, it appears Kroger concedes, for purposes of this motion, that Loomis has presented sufficient evidence for the jury to conclude that it had actual or constructive notice of the defect which allegedly caused her fall. Her statement that the manager tending to her after the fall admitted that the company had "issues" with the freezers, and Loomis' observation of water accumulating near the freezer after her fall are both likely sufficient to create a jury issue on Kroger's notice. See Douglas v. Kroger Ltd. P'ship. I, No. 4:13cv97, 2014 WL 504717 at, *3-4 (E.D. Va. Feb. 7, 2014) (holding notice of roof leak adequate to preclude summary judgment for constructive notice of an indoor puddle that accumulated during a heavy rain). The evidence also establishes that the defect alleged, clear water on a tile floor, was not open and obvious as a matter of law. See, e.g., Wiley v. Wegman's Mkts., Inc., No. 1:14cv235, 2014 WL 7359717, at

6

*4 (E.D. Va. Dec. 24, 2014) (assuming the spill was not open obvious for purposes of analyzing the duty to warn due to factual disputes). Accordingly, Kroger's notice triggered a duty under Virginia law "to give an effective and timely warning of the existence of [the] hazardous condition." Shiflett v. Timberlake, 137 S.E.2d 908, 911 (Va. 1964). Even in cases of defects which are not open and obvious, a property owner discharges its duty if it adequately warns its customers of the unsafe condition. Eure v. Kroger Ltd. P'hip. I, No. 7:11cv190, 2012 WL 896347, at *6 (W.D. Va. Mar. 15, 2012). To hold otherwise would render the store owner an insurer against unavoidable accidents, which Virginia law does not require. Wiley, 2014 WL 7359717, at *7.

Here, the undisputed facts establish that Kroger displayed a warning cone on the aisle where Loomis fell within feet of the hazard which allegedly caused her fall. Moreover, Loomis testified that she saw the warning cone before falling, and understood that it meant that the floor could be wet. Indeed, she professed to be exercising caution as she chose to walk adjacent to the cone. (Loomis Dep., ECF No. 12-2 at 8, 18-19, 25).

In her brief opposing summary judgment, Loomis argues that, notwithstanding her cautious approach after seeing it, the cone was not an adequate warning, presumably because it was not closer to the freezer where her fall occurred. But her argument is contradicted by her testimony. Loomis described the cone as being in the middle of the aisle, with another shopper between it and the freezer opposite. Id. at 8. Understanding that the cone warned of a wet floor, she still chose to walk on the opposite side passing directly between it and the dairy freezer – a space she characterized as "probably one and a half feet." Id. at 20.

In briefing, Loomis' counsel contends that this fact is disputed, because he objected during Loomis' deposition, warning Kroger's counsel that she would only be testifying to

7

approximate distances. Indeed, counsel stated during the deposition that he wanted to "put an objection on the record," clarifying that his client would "do the best she can from recollection, but she's not doing precise measurements." (Loomis Dep., ECF No. 12-2 at 11). In briefing on this motion, counsel reiterates that throughout the deposition Loomis referenced only "approximate and imprecise measurements." (Pl.'s Br., ECF No. 14, at 4). He notes specifically that Loomis qualified her estimate regarding the distance from the cone, stating that it was "probably about a foot and a half." Id. (emphasis in orginal).

The exact purpose of this objection, and counsel's later qualification, is not clear. If it was intended to prevent Kroger from relying on Loomis' testimony, counsel has articulated no legal basis to sustain it. Moreover, Loomis' testimony is the only evidence on this subject in the summary judgment record. See De Cecco v. University of South Carolina, 918 F. Supp. 2d 471, 510 & nn.46-47 (D. S.C. 2013) (citing Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (rejecting plaintiff's invitation to "disregard her deposition testimony," in favor of contrary allegations in the complaint, describing an incident of alleged harassment and noting that it "was the only source of evidence as to the alleged events."). Nevertheless, Loomis is entitled to reasonable inferences in her favor. E.g., Reeves, 530 U.S. at 150. She actually testified that she passed between the cone and the freezer, a space she described as "probably a foot and a half." She did describe the other shopper some distance from the freezer, suggesting that the space was somewhat larger than eighteen inches. But even accepting this alternate description of the warning, and viewing the facts in favor of Loomis, she was no more than two feet from the cone when she fell. No other witness testified that the cone was nearer or farther from her fall. And, "a party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts." Spriggs v. Diamond Auto

8

Glass, 242 F.3d 179, 185 n.7 (4th Cir. 2001). As a result, even accounting for counsel's attempt to qualify her testimony, and accepting the evidence in the light most favorable to her, the undisputed facts establish that Loomis fell immediately adjacent to the warning cone deployed by Kroger to warn customers of the precise defect which she claims caused her fall. Moreover, Loomis acknowledged seeing the warning, and understanding its purpose was to warn customers the nearby floor could be wet. See Wiley, 2014 WL 7359717, at *7 (finding yellow warning cone in the immediate vicinity of the spill adequate to discharge duty even though plaintiff did not see it prior to her fall); Eure, 2012 WL 896347 at *7 (same).

Loomis primarily relies on this Court's decision in Douglas v. Kroger, Ltd. P'ship. I, No. 4:13cv97, 2014 WL 504717 (E.D. Va. Feb. 7, 2014) to support her argument that the adequacy of Kroger's warning is for the jury to determine. But the facts in Douglas were materially different. Douglas also involved a shopper injured after slipping in water which had accumulated on the floor. The fall occurred near a wet floor sign which had been deployed to warn customers of water which may have been tracked into the store during a heavy rain. Unlike this case, however, the puddle which caused Douglas' fall was clearly visible on a store surveillance video and in contemporaneous photographs. This evidence suggested that the water which caused Douglas' fall was accumulating in a different area as a result of a roof leak. The video, and other photographic evidence, also established that the area around the cone was not wet, while the area where Douglas fell had puddles of water. Id. at *7. As a result, the Court found that the undisputed facts did not establish Kroger adequately discharged its duty to warn, because a reasonable juror could find that the warning displayed was unrelated to the leaking roof and only coincidentally in the same vicinity.

In this case there is no dispute that the cone deployed in the aisle between the freezers was intended to warn shoppers of the possibility of a defect – dripping freezers – which was not open and obvious. More importantly, Loomis testified that she saw the warning, understood its purpose, and proceeded cautiously as a result. Despite her caution she fell. But the happening of an accident does not establish negligence. Waters v. Holloman, 222 S.E.2d 549, 552 (Va. 1976). And Loomis has failed to identify any dispute of fact which would suggest Kroger failed in its duty to warn. To do so would require evidence sufficient to "create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Because no reasonable juror could conclude that Kroger failed to warn Loomis of the defect alleged, she has not met her burden to show that there is a genuine issue for trial as to Kroger's negligence. As a result, her fall is not compensable under Virginia law. Accordingly, it is not necessary to determine whether she was contributorily negligent as a matter of law. Kroger's Motion for Summary Judgment is granted.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Kroger's Motion for Summary Judgment.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 17, 2015